# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MICHAEL RAY GREEN,                                                                     PLAINTIFF
ADC #082316

v.                                         4:21CV00345-LPR-JTK

JARED BYERS, et al.                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Michael Ray Green ("Plaintiff") was incarcerated at the Tucker Maximum Security Unit of the Arkansas Division of Correction ("ADC") at the time he filed this lawsuit. (Doc. No. 2).   Plaintiff sued multiple ADC officials alleging failure to protect.[1]   (Doc. Nos. 2, 9).

Defendants Jared Byers, Claudia Harris, and Jerry Jacks (collectively, "Defendants") now have filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 39-41).   Because Plaintiff had not responded, on October 21, 2021 the Court directed Plaintiff to file a response within 15 days.   (Doc. No. 42).   The Order cautioned Plaintiff that if he did not file a response, all of the facts set forth in Defendants' summary judgment papers could be deemed admitted, among other possible consequences.   (Id. at 1-2.)   Plaintiff still has not filed a response, and the time for doing so has passed.   After careful consideration, and for the reasons set out below, the Court recommends Defendants' Motion be granted.

---

[1] Plaintiff's claims against Defendants Ashley King, White, and Billy Straughn already have been dismissed.   (Doc. Nos. 11, 18).

2

## II. Plaintiff's Claims

Plaintiff filed this lawsuit on April 29, 2021 while he was confined at the Tucker Maximum Security Unit of the ADC. (Doc. No. 2). Plaintiff amended his Complaint, alleging failure to protect. (Doc. No. 9). Plaintiff sought only injunctive relief in the form of a transfer to another unit where he would be safe. (Doc. No. 2 at 5).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving

party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.   Analysis

As an initial matter, Plaintiff has not responded to Defendants' Motion for Summary Judgment. "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).  Because Plaintiff has filed no response, all facts set out in Defendants' Statement of Facts (Doc. No. 41) are deemed admitted.

Defendants argue they are entitled to summary judgment because (1) Plaintiff's claim for relief is moot and (2) Plaintiff failed to exhaust his administrative remedies.  (Doc. No. 40).

### A.   Request For Injunctive Relief Is Moot

Defendants assert Plaintiff's claims are moot because he is now in custody at the East Arkansas Maximum Unit.  Less than two months after Plaintiff filed his Complaint, he filed a notice of change of address informing the Court that he was transferred to the East Arkansas Regional Unit.  (Doc. No. 17).  Plaintiff's claims arise from the time when he was incarcerated at the Tucker Maximum Security Unit of the ADC.  Plaintiff's only requested relief in this case was a transfer to a different unit.  Plaintiff's claims are moot because he already has been transferred from the Tucker Max Unit and there is no showing that his problem is capable of repetition yet evading review.  *See Martin v. Sargent*, 780 F2d 1334, 1337 (8th Cir. 1985); Ness v. City of Bloomington, 11 F.4th 914, 920 (8th Cir. 2021).  Accordingly, Defendants are entitled

to summary judgment on Plaintiff's claims.  Even if Plaintiff's claim for injunctive relief remained live, Defendants are entitled to summary judgment in their favor because Plaintiff failed to exhaust his administrative remedies.

### B.     Plaintiff Failed to Exhaust His Administrative Remedies

Defendants also argue that Plaintiff failed to exhaust his administrative remedies. According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F. Supp. 2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically

5

named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

At the time of the incidents giving rise to this lawsuit, the ADC had in place a grievance procedure, Administrative Directive (AD) 19-34.  (Doc. No. 41 at ¶ 3; Doc. No. 39-2).  Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance.  (Doc. No. 39-2 at 1-2.)  This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident.  (Id. at 6.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  (Id.)  Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (Id. at 9.)  The warden or his designee must provide a written response within twenty working days of receipt.  (Id. at 11.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (Id. at 12.)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days.  (Doc. No. 39-2 at 13.)  "A [written] decision or rejection of an appeal at this level is the end of the grievance process."  (Id.)  Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed.  An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance.  All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.

> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 5.)

In support of their Motion, Defendants present the Declaration of Terri Grigsby-Brown, the ADC Inmate Grievance Supervisor. (Doc. No. 41 at ¶ 2; Doc. No. 39-1). According to Ms. Grigsby-Brown, Plaintiff filed no non-medical grievances related to his claims in this case. (Doc. No. 41 at ¶¶ 17-18; Doc. No. 39-1 at.¶¶ 18-19). Plaintiff has not contested this fact. Because Plaintiff filed no grievances related to his claims in this case against Defendants Byers, Harris, or Jacks, Plaintiff failed to exhaust his administrative remedies.

Plaintiff has not meet proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, Defendants' Motion should be granted. Because Plaintiff's other claims already have been dismissed, Plaintiff's Complaint, as amended should be dismissed without prejudice.

## V.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment (Doc. No. 39) be GRANTED.

2.     Plaintiff's claims against Defendants Byers, Harris, and Jacks be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's Complaint, as amended (Doc. No. 9) be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 9th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE